UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
THE BARON ALAN WOLMAN ACHIEVES :
TRUST,                                                                          :     **ORDER DENYING MOTIONS**
:     **FOR SUMMARY JUDGMENT**
                                         Plaintiff,                    :
                                                                                  :     19 Civ. 9461 (AKH)
          -against-                                                    :
                                                                                  :
BUZZFEED, INC.,                                                  :
                                                                                  :
                                         Defendant.               :
                                                                                  :
                                                                                  :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff initiated this action seeking to recover for defendant Buzzfeed's alleged violation of Plaintiff's copyright. On March 2, 2021 Defendant filed a motion for summary judgment (ECF No. 21), arguing that the statute of limitations bars Plaintiff's claim from proceeding. Plaintiff opposed the motion, and on April 7, 2021 filed a cross motion for summary judgment (ECF No. 36), contending that the copyright in question is valid and that the evidence already in the record is sufficient to establish infringement. For the reasons that follow, I deny both motions as premature.

## BACKGROUND[1]

      Plaintiff is the Baron Alan Wolman Archives Trust ("BAWAT" or "Plaintiff"), a trust that owns copyrights to various photographs Baron Alan Wolman created. Wolman was a photographer and the first chief photographer for *Rolling Stone* magazine. Defendant is Buzzfeed, Inc., an online entertainment website. As relevant here, Plaintiff alleges that Defendant, without a license or other form of permission, published one of Plaintiff's

---

[1] The Court assumes familiarity with the factual background of this case and the parties' arguments. The following discusses only the facts necessary to resolve the pending motions.

copyrighted photographs (the "Photograph") in a January 19, 2013 article about Janis Joplin. Wolman allegedly created the Photograph in 1968, first published it in 1992, and registered it in 2010. The Complaint alleges Wolman discovered Buzzfeed's infringing article in May 2017, approximately four years after the article was published online.

Plaintiff filed this suit on October 13, 2019—more than six years after Buzzfeed published the article, but less than three years after Wolman allegedly discovered it. Wolman died on November 2, 2020 and BAWAT was substituted as Plaintiff on February 9, 2021. To date, discovery has not taken place, but the parties filed cross motions for summary judgment that are the subject of this opinion and order. Defendant filed its motion for summary judgment first, arguing the statute of limitations bars any recovery. Plaintiff in turn filed its motion, arguing it filed suit less than three years after discovering the infringing article and that the copyright registration is sufficient evidence to preclude any dispute of material fact.

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of pointing out evidence in the record, "which it believes demonstrate[s] the absence of a genuine issue of material fact . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may support an assertion that there is no genuine dispute of any material fact by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the movant fulfills its preliminary burden, the onus shifts to the non-movant to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-moving party may not rely on conclusory allegations or unsubstantiated

2

speculation to defeat the summary judgment motion. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Courts must "draw all rational inferences in the non-movant's favor" while reviewing the record. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (citing *Anderson*, 477 U.S. at 248). Importantly, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "the inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id* at 250. Additionally, summary judgment should "[b]e refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Id.*; *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2003).

### I. Defendant's Motion for Summary Judgment

Defendant's motion for summary judgment is denied. In the Second Circuit, there is a three-year statute of limitations for copyright infringement claims that accrues from the time a Plaintiff discovers—or with reasonable due diligence should have discovered—the infringing activity. *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014); *see also* 17 U.S.C. § 504(b). Here, the alleged infringing act took place in January 2013 and the lawsuit was not filed until October 13, 2019, but Plaintiff maintains that Wolman was not on notice of the infringement until May 2017 and that the statute of limitations did not begin to run until that point.

3

The parties dispute which side has the burden to establish the date on which the statute of limitations began to run, and whether a discovery rule is applicable. Plaintiff argues it does not seek to toll the applicable statute of limitations, but simply that the statute did not begin to run until Wolman first discovered the infringing use in 2017. Whether Wolman was, in fact, placed on inquiry notice "is analyzed under an objective standard." *Staehr v. Hartford Fin. Servs. Grp. Inc.*, 547 F.3d 406, 427 (2d Cir. 2008) (citations omitted). Plaintiff alleges in the Complaint that Wolman first discovered the infringing use of the photograph in May 2017, more than four years after Buzzfeed first published its article. Buzzfeed argues that because the Complaint itself is inadmissible hearsay and Wolman is now deceased, Plaintiff cannot meet its burden to establish when Wolman first discovered the infringement. At this stage of discovery, such an argument is premature. *See Peele v. Mattingly*, 2007 WL 2509766, at *2 (S.D.N.Y. Sept. 5, 2007). Even if Plaintiff cannot elicit the direct testimony of Wolman, circumstantial evidence may show when he discovered—or should have discovered—the infringing use. Regardless of whether Plaintiff has satisfied any applicable burden at this stage, it is entitled to discovery to establish what due diligence would have been reasonable with respect to Wolman under such an objective standard. *See Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010); *Michael Grecco Prods., Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 512 (S.D.N.Y. 2018). Thus, Plaintiff is entitled to proceed with discovery before summary judgment in favor of Defendant would be appropriate.

Defendant argues that the Supreme Court's decision in *Rotkiske v. Klemm*, 140 S.Ct. 355, 360–361 (2019) forecloses the application of a discovery rule in copyright cases. However, the Second Circuit, subsequent to the *Rotkiske* decision, declined to alter the discovery rule applicable in this circuit. *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2nd Cir. 2020) (noting

4

that *Rotkiske* did not change the application of the discovery rule in the Second Circuit). Defendant also maintains that Plaintiff has the burden of proving the discovery rule applies to this case. To dispute the date on which the claims accrued in copyright cases, a defendant must produce evidence "that would have been sufficient to awaken inquiry." *Michael Grecco Prods.*, 345 F. Supp. 3d at 512 (finding that evidence in the record was insufficient to determine when the statute of limitations began to run); *Parisienn v. Scripps Media, Inc.*, 2021 WL 3668084, at *3 (S.D.N.Y. Aug 17, 2021). Defendant has not done so; nor could it, given that no discovery has taken place.

## II. Plaintiff's Motion for Summary Judgment

Plaintiff's motion for summary judgment is denied. First, Plaintiff cannot meet its burden to show that there is no genuine dispute of material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In the Complaint and the affidavits submitted in support of its summary judgment motion, Plaintiff inconsistently identifies the relevant copyright registration. The Complaint alleges registration VA-1-726-336 is protected, while Plaintiff's brief and the Wareham Declaration assert registration VA-2-114-914 is protected. *Compare* Compl. ¶ 9 *with* Wareham Decl. ¶ 3. That alone calls into question the true status of Plaintiff's alleged copyright, and prevents according the copyright registration *prima facie* weight at this stage.

Second, Buzzfeed argues it will pursue a fair use defense, and is entitled to discovery to do so. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994). In relying on a fair use defense, Buzzfeed bears the burden of showing that its use of Wolman's photo was fair. *Authors Guild v. Google, Inc.*, 804 F.3d 202, 213 (2d Cir. 2015). Because "the fair use determination is an open-ended and context-sensitive inquiry," *Cariou v. Prince*, 714 F.3d 694,

705 (2d Cir. 2013), defendant should have the opportunity to develop its defense through discovery before summary judgment in favor of Plaintiff is appropriate.

Third, as discussed with respect to defendant's motion, Buzzfeed may have an affirmative defense based on the statute of limitations. If that defense succeeds, summary judgment for Plaintiff would be inappropriate.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss and Plaintiff's motion to dismiss are denied without prejudice. The Clerk shall terminate ECF Nos. 21 and 36.

SO ORDERED.

Dated: March 10, 2022
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge